# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | | | |
|---|---|---|---|---|
| PAUL FLANNIGAN, | ) | | | |
| | ) | | | |
| Plaintiff, | ) | | | |
| | ) | | | |
| v. | ) | No. | 3:22-CV-428-DCLC-DCP | |
| | ) | | | |
| DERRICK DAUGHTERY and WARDEN | ) | | | |
| MIKE PARRIS, | ) | | | |
| | ) | | | |
| Defendants. | ) | | | |

## MEMORANDUM AND ORDER

This is a prisoner's pro se complaint for violation of 42 U.S.C. 1983 [Doc. 2] that is proceeding as to Plaintiff's (1) excessive force claim against Defendant Daughtery and (2) failure to train and/or supervise claim against Defendant Warden Parrish [Doc. 11 p. 6–7]. Now before the Court are Plaintiff's motions (1) to appoint counsel [Doc. 28]; (2) to supplement the record [Doc. 29]; and (3) for investigatory services and to appoint counsel [Doc. 30]. Also before the Court are Defendants' motions (1) for extension of time to complete discovery [Doc. 32]; and (2) to take Plaintiff's deposition [Doc. 33]. The Court will address Plaintiff's requests for appointment of counsel [Doc. 28 p. 1–2; Doc. 30 p. 1–2] before addressing the rest of these motions in turn.

## I. REQUESTS TO APPOINT COUNSEL

Plaintiff has filed a second motion to appoint counsel [Doc. 28]. Also, in his motion for investigatory services, Plaintiff requests appointment of counsel to assist him with discovery [Doc. 30 p. 1–2]. For the reasons set forth below, Plaintiff's requests for appointment of counsel are **DENIED**.

In his motion to appoint counsel, Plaintiff states that he does not have "specialized education and training" regarding how to proceed procedurally or substantively in this case, is

proceeding *in forma pauperis*, and cannot hire counsel [Doc. 28 p. 1]. Plaintiff also asserts that appointing him counsel "would to some degree negate the inherent imbalance" between himself and Defendants' counsel, that "appointment of counsel is required in the interest of justice and due process," and the Court should appoint him counsel due to the legal and factual complexity of this case, alongside his lack of specialized training and inability to investigate and present his claims [*Id.* at 1–2]. In his motion for investigatory services, Plaintiff states that he needs counsel to assist him with discovery issues [Doc. 30 p. 1].

As the Court previously noted [Doc. 11 p. 3], appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–6 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–6.

In addressing Plaintiff's first motion to appoint counsel, the Court considered the relevant factors regarding this request and found that Plaintiff was not entitled to appointment of counsel [*Id.*]. None of Plaintiff's allegations in his pending motions requesting appointment of counsel change the Court's determination that Plaintiff is not entitled to appointment of counsel in this case.

Specifically, as to the first two factors, the Court again notes that Plaintiff's complaint sets forth routine prisoner civil rights claims that are not factually or legally complex. As to the third factor, Plaintiff's filings show that he can adequately present his claims. Additionally, while Plaintiff alleges in his motion to appoint counsel that he lacks specialized training regarding how

to proceed in this case, the Court notes that this is typical of almost all prisoner plaintiffs, and that Plaintiff has not set forth any facts from which the Court can find that not appointing him counsel would interfere with the interests of justice or his due process rights.

Thus, Plaintiff has not established that this is an exceptional case where he is entitled to appointment of counsel, his motion for appointment of counsel [Doc. 28] is **DENIED**, and Plaintiff's request for appointment of counsel in his motion for investigatory services [Doc. 30] is **DENIED**.

## II.     MOTION TO SUPPLEMENT THE RECORD

Plaintiff also filed a motion to supplement the record with grievance documents and other prisoners' complaints [Doc. 29]. Plaintiff filed the documents with which he seeks to supplement the record as attachments to this motion [Docs. 29-1, 29-2, 29-3].

However, the Court notes that these supplements are unnecessary at this time, as no motion requiring any evidence from Plaintiff is pending. The Court also **NOTIFIES** Plaintiff that this filing was improper, as this Court's Local Rule provides that parties generally should not file discovery documents with the Court. *See* E.D. Tenn. LR 5.3.

Nevertheless, Plaintiff has filed these documents in the record, and the Court will not *sua sponte* strike them. As such, Plaintiff's motion to supplement the record [*Id.*] is **GRANTED** only to the extent that the Court notes that the relevant documents [Docs. 29-1, 29-2, 29-3] are now in the Court's record.

## III.    MOTION FOR INVESTIGATORY SERVICES

Plaintiff has also filed a motion requesting that the Court appoint him counsel and provide him with investigatory services to assist him with discovery [Doc. 30]. The Court addressed

3

Plaintiff's request for appointment of counsel in this motion above. For the reasons set forth below, Plaintiff's request for the Court to provide him with investigatory services [*Id.*] also is **DENIED**.

In his motion for investigatory services, Plaintiff states that he needs "names of witnesses and expert witnesses," that he is unable to depose witnesses due to his incarceration, that Defendants will not provide him with evidence in their control, and that he needs evidence and/or testimony from medical staff at the University of Tennessee that he cannot access [*Id.* at 1–2]. However, this Court is not the vehicle through which Plaintiff obtains discovery, and Plaintiff does not allege or provide facts suggesting that he has pursued any of this evidence through the discovery methods available to him under the Federal Rules of Civil Procedure but has been unable to obtain it. Moreover, while the Court is aware that Plaintiff is proceeding *in forma pauperis*, he still must pay for his own costs of discovery, including depositions. *Smith v. Yarrow*, 78 F. App'x 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts." (citation omitted))

Accordingly, Plaintiff's motion for investigatory services [*Id.*] is **DENIED**.

## IV.   MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

In their motion for extension of time to complete discovery, Defendants request that the Court extend the discovery deadline to January 15, 2024, to allow them to take Plaintiff's deposition [Doc. 32 p. 1–2]. This motion [*Id.*] is **GRANTED** *nunc pro tunc* as of the date on which it was filed. However, due to the timing of the instant order and Plaintiff's apparent need for additional time to complete discovery, the Court hereby extends the current deadline for completion of all discovery and the filing of all motions relating to discovery [Doc. 27 p. 1] to **March 22, 2024**. All other deadlines in the Court's scheduling order [*Id.*] remain the same.

4

## V. MOTION TO TAKE PLAINTIFF'S DEPOSITION

Defendants have also filed a motion to take Plaintiff's deposition [Doc. 33], which is **GRANTED**. Counsel should arrange to take Plaintiff's deposition for a time and place that is convenient for the appropriate officials of the Tennessee Department of Correction and upon notice to Plaintiff. Fed. R. Civ. P. 30(a). Defendant shall furnish a copy of the deposition to Plaintiff, if it is transcribed, within fifteen (15) days thereafter at no charge to Plaintiff.

## VI. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motions to appoint counsel [Doc. 28] and for investigatory services and to appoint counsel [Doc. 30] are **DENIED**;

2. Plaintiff's motion to supplement the record [Doc. 29] is **GRANTED** only to the extent that the Court notes that Plaintiff has now filed the documents at issue [Docs. 29-1, 29-2, 29-3] in the record;

3. Defendants' motion for extension of time to complete discovery [Doc. 32] is **GRANTED** *nunc pro tunc* as of the day on which it was filed;

4. The Court hereby extends the current deadline for completion of all discovery and the filing of all motions relating to discovery [Doc. 27 p. 1] to **March 22, 2024**;

5. Defendants' motion to take Plaintiff's deposition [Doc. 33] is **GRANTED**; and

6. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge

5