# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| PAUL FLANNIGAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:22-CV-428-DCLC-DCP |
| DERRICK DAUGHTERY and WARDEN MIKE PARRIS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. 1983 [Doc. 2] that is proceeding as to Plaintiff's (1) excessive force claim against Defendant Daughtery and (2) failure to train and/or supervise claim against Defendant Warden Parris [Doc. 11 p. 6–7]. Now before the Court is Defendants' motion for summary judgment [Doc. 47], in support of which they filed a memorandum [Doc. 48], a statement of material facts [Doc. 49], and various exhibits [Doc. 50]. Plaintiff filed an untimely response to the motion [Doc. 54], and Defendants filed a reply [Doc. 56].

As the undisputed proof in the record establishes that Plaintiff failed to exhaust his available administrative remedies for his excessive force claim and has no proof to support his failure to train and/or supervise claim, Defendants' motion for summary judgment [Doc. 47] will be **GRANTED**, and this action will be **DISMISSED**.

I.     **STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary

judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). When "a party . . . fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2).

## II. TIMELINESS

In his response in opposition to Defendants' motion for summary judgment, Plaintiff asserts that this motion is untimely [Doc. 54 p. 1]. However, as Defendants correctly point out in their response, the Court allowed Defendants up to and including May 27, 2024, to file their motion for summary judgment [Doc. 44]. And as May 27, 2024, was Memorial Day, which is a legal holiday, Defendants had up to and including May 28, 2024, to file that motion under Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure. Thus, Defendants timely filed their motion for summary judgment on May 28, 2024 [Doc. 47].

Notably, however, Plaintiff filed his response in opposition to Defendants' motion for summary judgment [Doc. 54] more than twenty-one days after Defendants filed their motion for summary judgment, specifically on July 9, 2024[1] [*Id.* at 4]. As such, it is untimely. E.D. Tenn. L.R. 7.1(a) (providing that a party has twenty-one days to file a response to a

---

[1] A prisoner document is deemed "filed" when the prisoner submits it to prison officials for mailing. *See, e.g., Houston v. Lack*, 487 U.S. 266, 273 (1988). Under Sixth Circuit precedent, the date the prisoner signed the document is typically deemed the date of filing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir 2008) (noting that the signing date on a pro se prisoner's pleading is the filing date, unless there is evidence to the contrary).

2

dispositive motion). But Defendants have not sought relief from the Court based on Plaintiff's response being untimely, and the Court will not *sua sponte* grant such relief. Accordingly, the Court will consider Plaintiff's untimely response and its attachments in determining whether Defendants are entitled to summary judgment.

### III. BACKGROUND

Plaintiff's unsworn complaint[2] alleges that Defendant Daughtery choked him and struck him more than twelve times in a manner that caused him injuries [Doc. 2 p. 3]. Plaintiff also alleges that a failure to train and/or supervise led to this incident [*Id.* at 4]. Additionally, in support of his response in opposition to Defendants' motion for summary judgment, Plaintiff filed his own affidavit, in which he alleges in relevant part that he filed a grievance regarding the excessive force incident at issue in his complaint, but the only response he received to that grievance was a memorandum indicating that the grievance had been forwarded to internal affairs [Doc. 54 p. 6].

Plaintiff also attached a portion of Defendants' response to his discovery requests to his affidavit [*Id.* at 9]. In this discovery response, Defendant Daughtery states that he is unaware of any grievances or complaints filed against him for excessive force but lists five lawsuits against him, four of which were resolved through either the grant of summary judgment to Defendant Daughtery, dismissal with or without prejudice, or a jury verdict in favor of Defendant Daughtery, and one of which is ongoing [*Id.*].

Defendants filed sworn proof that they have no record of any grievance from Plaintiff

---

[2] As the complaint is not sworn, the Court only cites it to provide relevant background and does not consider it evidence for summary judgment purposes. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment); *Farr v. Centurion of Tennessee, LLC*, No. 21-5094, 2022 WL 18457630, at *1 (6th Cir. Aug. 1, 2022) (noting that "the district court . . . properly declined to consider as evidence the allegations in [the plaintiff's] complaint . . . because his complaint was not verified . . . .")

3

regarding the incident at issue in his complaint [Doc. 50-2 p. 4–5, 42]. Defendants also filed portions of Plaintiff's deposition, in which Plaintiff testified that he filed grievances regarding the force incident in his complaint, to which he did not receive a response other than a memorandum indicating his grievance had been forwarded to internal affairs, and did not file an appeal regarding any grievance he filed regarding the incident in his complaint [Doc. 50-3 p. 13–16]. In this testimony, Plaintiff specifically acknowledges that, in the applicable prison grievance process, prison officials resolve a grievance by coming to the inmate and presenting him with a document that the inmate signs, and that this never occurred regarding his grievance(s) for the incident in his complaint [*Id.* at 16]. Additionally, Defendants have set forth proof that (1) the memorandum indicating that Plaintiff's grievance was being forwarded to internal affairs is not legitimate, and (2) Plaintiff could have filed an appeal of any grievance response or any grievance to which he did not receive a timely response under the applicable grievance procedure [Doc. 50-2 p. 3, 4, 8–9, 31–32].

Defendants also assert that Plaintiff's failure to train claim fails as a matter of law because Plaintiff has no proof that Defendant Warden Paris was personally involved in any unconstitutional conduct [Doc. 48 p. 9–11].

### III. ANALYSIS

#### A. Excessive Force

As set forth above, Defendant Daughtery first seeks summary judgment in his favor because Plaintiff failed to exhaust the available administrative remedies for his excessive force claim proceeding herein [*Id.* at 4–9]. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

4

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving his grievance and follow the "critical procedural rules" in a manner that allows prison officials to review and, where necessary, correct the issues set forth in the grievance "on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also Woodford,* 548 U.S. at 92 ("Proper exhaustion demands compliance with an agency's deadlines . . . because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As set forth above, the proof in the record indicates that Plaintiff filed at least one grievance regarding the incident underlying his complaint, to which he never received a response other than a memorandum indicating that a grievance had been forwarded to internal affairs [Doc. 50-3 p. 13–16; Doc. 54 p. 6]. However, Plaintiff also acknowledged in his sworn testimony at his deposition that a prison grievance is resolved by prison officials coming to speak to an inmate and having him sign a document, and that this never occurred for any grievance he filed regarding the incident in his complaint [*Id.* at 16]. Additionally, in support of their motion for summary judgment, Defendants present undisputed proof that the Tennessee Department of Correction's applicable grievance procedure allowed Plaintiff to file a "second level" appeal of any grievance response or of any grievance to which he did not receive a timely response [Doc. 50-2 p. 4, 8–9,

5

31–32]. Plaintiff's sworn deposition testimony clearly indicates that he never filed any such appeal [Doc. 50-3 p. 16].

Thus, the undisputed evidence in the record establishes that the applicable grievance procedure allowed Plaintiff to file an appeal of any response or lack of response to his grievance(s), but Plaintiff did not do so for any relevant grievance herein. Accordingly, no reasonable jury could find that Plaintiff exhausted his available administrative remedies, as the PLRA requires, and Defendant Daughtery is entitled to summary judgment for the excessive force claim against him.

### B. Failure to Train and Supervise[3]

Defendant Warden Parris seeks summary judgment in his favor on Plaintiff's failure to train and supervise claim because Plaintiff does not set forth proof that Defendant Warden Parris was personally involved in any unconstitutional conduct [Doc. 48 p. 9–11]. To state a plausible claim for § 1983 relief, a plaintiff must allege the defendant was personally involved in a violation of his rights. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, the plaintiff . . . must plead that each Government-official defendant, through [the official's] own individual actions, has violated the Constitution."). Inadequate training may serve as the basis for § 1983 liability only where a failure to train reflects a "deliberate" or "conscious" choice. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).[4]

---

[3] It appears that Defendants' argument that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit would also entitle them to summary judgment on Plaintiff's failure to train claim. But Defendants do not seek summary judgment on this ground for the failure to train claim, and the Court will not raise this argument for them sua sponte.

[4] As Defendant Parris addresses this claim as against him in his individual capacity and asserts that it fails because Plaintiff has no proof that he was personally involved in any unconstitutional conduct, the Court also does so. However, the Court additionally notes that a failure to train claim against Defendant Warden Parris in his individual capacity "improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability." *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 563 (6th Cir. 2011) (quotation

6

As Defendant Warden Parris correctly points out, Plaintiff has not set forth any evidence that Defendant Warden Parris personally failed to train or supervise any officer in a manner that caused a violation of Plaintiff's constitutional rights. And while Plaintiff has filed a list of lawsuits against Defendant Daughtery, Plaintiff has not set forth any proof that Defendant Warden Parris was aware of those lawsuits, or that, even if he was, those lawsuits involved any credible allegations that alerted Defendant Warden Parris of any wrongdoing by Defendant Daughtery. And the Supreme Court has found that "the plain language of Rule 56(c) [of the Federal Rules of Civil Procedure] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Accordingly, Defendant Warden Parris is entitled to summary judgment on Plaintiff's claim against him.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 47] will be **GRANTED**, and this action will be **DISMISSED**. Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave

---

omitted) (citing *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005)); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008) (same). Such a claim only could be cognizable against Defendant Warden Parris in his official capacity. *Harvey*, 453 F. App'x at 563. But to the extent that Plaintiff asserts this claim against Defendant Parris in his official capacity, such claim is actually against the State of Tennessee, and it is not cognizable herein. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is . . . to be treated as a suit against the entity"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding the Tennessee Department of Correction is equivalent of the "State"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (providing that "a State is not a person within the meaning of § 1983"); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–101 (1984) (noting that the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it); *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983).

to proceed *in forma pauperis* on any subsequent appeal.

        **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

        **ENTER:**

s/Clifton L. Corker<br>
United States District Judge